UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ROOSEVELT JOHNSON, JR.** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **NO:  6:20-cv-617** |
| **V.** | § | |
| | § | **ORIGINAL COMPLAINT** |
| **SCHNEIDER NATIONAL** | § | |
| **CARRIERS, INC. AND TOMOTHY** | § | **JURY DEMAND REQUESTED** |
| **BANARD BROWN** | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, PLAINTIFF ROOSEVELT JOHNSON, JR. and files this Original Complaint complaining of Defendants SCHNEIDER NATIONAL CARRIERS, INC. ("Schneider") and TOMOTHY BANARD BROWN ("Brown") and for causes of action shows the following:

### I.
### PARTIES

1.1    Plaintiff is an individual residing in Travis County, Texas.

1.2    Defendant SCHNEIDER NATIONAL CARRIERS, INC. is a foreign for-profit corporation located in Brown County, Wisconsin and doing business in Texas.  Defendant SCHNEIDER NATIONAL CARRIERS, INC.  may be served by serving its registered agent for service, CT Corporation System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

1.3    Defendant TOMOTHY BANARD BROWN is an individual residing in St. Louis

County, Missouri.  Defendant TOMOTHY BANARD BROWN may be served with process according to FED. R. CIV. P. 4, any method or manner of service under the law of the State where the District Court is located.  As such, Defendant TOMOTHY BANARD BROWN may be served with process by serving him at 5816 Ridge Avenue Street, St. Louis, Missouri, or wherever he may be found.

## II.
### VENUE AND JURISDICTION

2.1     Plaintiff brings this action under 28 U.S.C. § 1332.  This case has complete diversity jurisdiction in that no Plaintiff shares a state of citizenship with any Defendant. Moreover, Plaintiff seeks monetary relief in excess of $75,000.00.

2.2     Plaintiff complies with all pleading requirements under the Federal Rules of Civil Procedure as well as the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009), in that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) that the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

## III.
### FACTS

3.1     This is a negligent commercial trucking case.  On December 10, 2018, Plaintiff was traveling Northbound on Interstate-35 in McLennan County, Texas. Traffic was slowing due to a stalled vehicle on the side of the road.  Plaintiff slowed down with traffic.  However, Defendant Brown did not.  Defendant Brown was traveling Northbound behind Plaintiff in a

2000 Peterbuilt Tractor Trailer.  Brown rear-ended Plaintiff at a high-rate of speed.  Plaintiff suffered injuries due to Defendant Brown's failure to operate the tractor trailer in a safe manner. At all relevant times, Defendant Brown was operating the subject tractor trailer in the course and scope of his employment with Defendant Schneider National Carriers Inc.

### IV.
### CAUSES OF ACTION

#### A.  NEGLIGENCE

4.1    Plaintiff incorporates the assertions contained in the foregoing paragraphs as if alleged herein.

4.2    At the time of the accident made the basis of this lawsuit, Defendant Brown was at all relevant times acting in the course and scope of his employment with Defendant Schneider and was operating his tractor trailer negligently. Defendant Brown had a duty to exercise ordinary care and operate his tractor trailer reasonably and prudently. Defendant Brown breached that duty in one or more of the following ways:

    a.   failing to timely apply his brakes;

    b.   failing to maintain a proper lookout;

    c.   failing to turn the tractor trailer in order to avoid the impact in question; and

    d.   driving the tractor trailer at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances, thereby violating State and Federal Law.

4.3    As a proximate cause of Defendant Brown's negligence, Plaintiff suffered damages.

4.4    Defendant Schneider negligently hired, trained, and supervised Defendant Brown. This negligence was a proximate cause of the accident made the basis of this lawsuit and Plaintiff's damages.

4.5     At the time of the accident made the basis of this lawsuit, Defendant Schneider entrusted its tractor trailer to Defendant Brown, an incompetent or reckless driver that Defendant Schneider knew or should have known to be incompetent or reckless.   Defendant Brown was acting in a negligent manner at the time of the accident in question and his negligence proximately caused Plaintiff's damages.

## V.
### PERSONAL INJURIES AND DAMAGES

5.1     As a result of Defendants' actions, Plaintiff seeks the following damages:

(a) <u>Physical Pain & Mental Anguish</u>: Plaintiff has suffered physical pain and mental anguish in the past, and in reasonable probability, will continue to suffer physical pain and mental anguish in the future;

(b) <u>Medical Expenses</u>:  Plaintiff has paid or incurred medical expenses in the past and in reasonable probability, will continue to incur medical expenses in the future; and

(c) <u>Impairment</u>:  Plaintiff has been physically impaired in the past and in reasonable probability will continue to suffer physical impairment in the future.

5.2     All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## VI.
### JURY DEMAND

6.1     Pursuant to the Federal Rules of Civil Procedure and the Constitution of the United States of America, Plaintiff requests a jury trial of this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon the trial of this case the Plaintiff recovers a judgment for a sum within the jurisdictional limits of the court for the damages listed above in an amount determined by the jury that is fair given the circumstances, pre-judgment interest at the maximum rate

allowed by law, post-judgment interest at the maximum rate allowed by law, court costs, and such other relief, at law or in equity to which Plaintiff may be justly entitled.

Dated this 8th day of July, 2020.

Respectfully submitted,

WENHOLZ | DOW  P.C.

By: */s/ Sean B. Swords*
J. Luke Dow
Texas Bar No. 00793636
luke@wenholzdow.com
Sean B. Swords
Texas Bar No. 24102554
sswords@wenholzdow.com

9433 Bee Caves Rd., Ste. 1-200
Austin, Texas 78733
(512) 478-2211
(512) 478-3625 (fax)

**ATTORNEYS FOR PLAINTIFF**